## FOSTER v. FERGUSON, Tutor.

Where a husband dies rich and without children, leaving his wife in necessitous circumstances, she may claim one-fourth of all the property left by him in this State, independently of her right, as surviving spouse, to any portion of the property left by him in another State.

APPEAL by the defendant from a judgment of the Court of Probates of Concordia, *McWhorter*, J.

The judgment of the court was pronounced by

KING, J. This action was instituted by the plaintiff against the tutor of her late husband, for the recovery of her marital portion, alleging that the deceased

died rich, leaving her in necessitous circumstances. It appears from the evidence that the plaintiff intermarried, in 1843, with *M. D. L. Foster*, a citizen of Louisiana, who was, at that time, as well as at the date of his death, a minor, whose property was under the administration of his tutor, the defendant in this suit. The marriage was contracted in the State of Mississippi, but with the view of making this State the residence of the parties. About a year after the marriage, the husband died in this State, leaving a succession, estimated, as is shown by the inventories, at more than $20,000, consisting, in part, of an undivided interest in a tract of land, situated in Mississippi, yielding an annual rent of about $80, and several slaves, also in that State. The remainder of his property is in Louisiana. The plaintiff brought nothing into marriage, and owns no separate property.

. It is shown that, by the laws of Mississippi, slaves are personal property; that the surviving wife, when there has been no issue of the marriage, as is the case in the present instance, and no satisfactory provision made for her by will, is entitled, as dower, to the usufruct during her natural life of one half of the real estate of the husband, to which she has not relinquished that right, and to one half of the moveables in full property, after the payment of the debts. The defendant alleges that the property, to which the plaintiff has acquired a vested right under these provisions of the laws of Mississippi, is ample for her support, according to her condition in life. The annual rents of one half of the lands in Mississippi, to which she is entitled as dower, amount to about $40 ; and she will receive, as defendant alleges, in full property, three grown slaves, two that are quite young, and an undivided half of a third, also quite young.

The only witness interrogated touching the sufficiency of this property for the plaintiff's support, declares that the slaves, which it is alleged she is entitled to in Mississippi, would produce annually about $150, which would be inadequate to her support in the social condition in which her husband left her. That the plaintiff's father is now insolvent, although until recently he possessed ample pecuniary means, and educated his children with reference to the position which he occupied in society. He thinks that $500 would be sufficient for her support. It thus appears that the property of the plaintiff, whatever her rights in the State of Mississippi may be, is inconsiderable, with respect to the fortune and condition of her late husband ; that it is inadequate to her support; and that she has been left in the necessitous circumstances, which entitle her to the marital portion of one-fourth of the succession of her husband, in Louisiana, in full property.

The court below decreed to the plaintiff one-fourth of the estimated value of the succession of the deceased, deducting the estimated value of the property to which she is entitled in Mississippi as dower. Of this judgment she complains, and we think that it is erroneous. For the reasons stated, it is ordered that the judgment of the lower court be avoided and reversed. It is further decreed that the plaintiff be entitled to and recover from the defendant *William Ferguson*, in his capacity of tutor, one-fourth of the succession which her husband, *Marquis D. L. Foster*, deceased, left at his death in this State, independent of the rights which she has acquired in the estate of her husband in the State of Mississippi. It is further ordered that the defendant pay the costs of both courts.

*Rowly*, *Frost* and *Sanders*, for the plaintiff. *Stacy* and *Sparrow*, for the appellant.